UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

William Sylvester White,

    Plaintiff,

v.                                                  Case No. 15-11127

Judge Alicia Jones Coleman, *et al.*,        Honorable Sean F. Cox

    Defendants.
_____/

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT FOR LACK OF JURISDICTION

Acting *pro se*, Plaintiff William Sylvester White ("Plaintiff") filed this action against Defendants Judge Alicia Jones-Coleman, Pensco Trust Company, Angelo S. Dimeo, Metro Mortgage, and ASD, LLC (collectively "Defendants") on March 26, 2015. Along with Plaintiff's complaint (Docket Entry No 1), Plaintiff also filed an "Emergency Motion To Stay Proceedings" (Docket Entry No. 2).

Indigent litigants may request a waiver of filing fees under 28 U.S.C. § 1915, but such requests must be accompanied by an "affidavit that includes a statement of all assets." 28 U.S.C. § 1915(a)(1). Plaintiff has provided such an affidavit and, having reviewed Plaintiff's application to proceed *in forma pauperis*, the Court hereby **GRANTS** Plaintiff's application to proceed *in forma pauperis* in this action.

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court

determines that" the action "fails to state a claim on which relief may be granted."). In addition, even where a plaintiff has paid the filing fee, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d. 477, 479 (6th Cir. 1999).

Having reviewed Plaintiff's *pro se* Complaint and Motion, this Court concludes that the *Rooker-Feldman* doctrine precludes this Court from exercising subject matter jurisdiction over this action because Plaintiff is effectively attempting to appeal from a state-court order and judgment granting possession to real property.

"The *Rooker–Feldman* doctrine provides that inferior federal courts lack jurisdiction to review the final judgments of state courts." *Hutcherson v. Lauderdale Cty., Tennessee*, 326 F.3d 747, 755 (6th Cir.2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)). This is because "[f]ederal district courts do not stand as appellate courts for decisions of state courts." *Hall v. Callahan, 727 F.3d 450, 453 (6th Cir.2013).*

The *Rooker–Feldman* doctrine is "designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Svs.*, 606 F.3d 301, 308 (6th Cir.2010). The application of the doctrine is "confined to 'cases brought by statecourt losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those

judgments.' " *Givens v. Homecomings Financial*, 278 Fed. App'x. 607,609 (6th Cir.2008).

Here, it is clear from Plaintiff's complaint and motion that the source of his alleged injuries is a state-court possession order pertaining to certain real property, that was issued in Michigan's 36th District Court. Notably, the relief that Plaintiff requests in his complaint is for this Court to vacate the state-court judgment, release an escrow account to Plaintiff, and restore title to the property to Plaintiff. As such, the claims asserted in this action are barred by the *Rooker-Feldman* doctrine. *Givens v. Homecomings Financial*, 278 F. App'x 607 (6th Cir. 2008); *see also Dickow v. JP Morgan Chase Bank, N.A.*, 2013 WL 6051018 at *6-8 (E.D. Mich. Nov. 15, 2013).

Accordingly, the Court hereby **DISMISSES** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1).

It is **FURTHER ORDERED** that Plaintiff's Request for Service by the United States Marshal is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: March 27, 2015	s/ Sean F. Cox
	Sean F. Cox
	U. S. District Judge

I hereby certify that on March 27, 2015, the foregoing document was served on counsel of record via electronic means and upon William Sylvester White via First Class mail at the address below:

William Sylvester White
P.O. Box 18817
Detroit, MI 48223

	s/ J. McCoy
	Case Manager